1  J. Andrew Coombs (SBN 123881)
   andy@coombspc.com
2  Annie S. Wang (SBN 243027)
   annie@coombspc.com
3  J. Andrew Coombs, A Prof. Corp.
   517 East Wilson Avenue, Suite 202
4  Glendale, California 91206
   Telephone:     (818) 500-3200
5  Facsimile:     (818) 500-3201

6  Attorneys for Plaintiff
   Adobe Systems Incorporated
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11  Adobe Systems Incorporated,                 )  Case No. CV11-03880
                                                )
12                      Plaintiff,              )  COMPLAINT FOR COPYRIGHT
                                                )  INFRINGEMENT AND TRADEMARK
13       v.                                     )  INFRINGEMENT
                                                )
14  Jonathan Dracup, an individual and d/b/a    )
    www.buycheapsoftware.com; Heather Dracup,   )  DEMAND FOR A JURY TRIAL
15  an individual and d/b/a                     )
    www.buycheapsoftware.com; Buy Cheap         )
16  Software, Inc.; Softman Products, LLC a/k/a )
    Softman Products Company, LLC and Does 1 –  )
17  10, inclusive,                              )
                                                )
18                      Defendants.             )
                                                )

19       Plaintiff Adobe Systems Incorporated ("Adobe") for its Complaint alleges as follows:

20  **I.    Introduction**

21       1.    Adobe brings this action as a result of Defendants' systematic, unauthorized

22  distribution of Adobe's software products in interstate commerce through sales through various

23  Internet sites.

         2.    Adobe is a global leader in developing and distributing innovative computer
24
    software. Its products and services offer developers and enterprises tools for creating, managing,
25
    delivering and engaging with compelling content across multiple operating systems, devices and
26
    media. The software industry is competitive, and Adobe undertakes great expense and risk in
27
    conceiving, developing, testing, manufacturing, marketing, and delivering its software products to
28

consumers. Software piracy undermines Adobe's investment and creativity, and misleads and confuses consumers.

3. Defendants, through Internet sites , including but not necessary limited to www.buycheapsoftware.com (the "Website") have offered for sale, sold, and distributed unauthorized copies of Adobe software (the "Unauthorized Software Product") including, but not limited to, Adobe Acrobat 9 Standard (the "Adobe Software"). Additional Doe defendants – whose identities will be determined in discovery – support, assist, supervise and/or supply Defendants in these illegal activities. Adobe owns registered United States copyrights and trademarks including but not limited to the foregoing product and its associated marks.

4. Defendants' activities constitute willful copyright infringement and willful trademark infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* (the "Copyright Act.") and the Lanham Trademark Act, as amended, 15 U.S.C., § 1051, *et seq.* (the "Lanham Act"). Adobe requests an injunction, and that Defendants pay damages, costs, and attorneys' fees.

## II.   Jurisdiction and Venue

5. The Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and § 1338(a).

6. Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(a). A substantial part of the events giving rise to the claims alleged in this action occurred in the Northern District of California.

## III.   Intradistrict Assignment

7. To the extent this Action may be deemed to have arisen in a particular county within this District, that county is Santa Clara County on the grounds that a substantial part of the events or omissions which give rise to Plaintiff's claims occurred in Santa Clara County where Plaintiff is located.

## IV.   The Parties

### A.   Plaintiff Adobe and Its Products

8. Adobe is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.

9. The Adobe Software is copyrightable subject matter, and Adobe owns exclusive rights under the Copyright Act to reproduce and distribute to the public copies of Adobe Software in the United States. Among the titles produced and distributed by Adobe are *Acrobat, Creative*

*Suite, Dreamweaver, Flash, Illustrator, PageMaker, Photoshop,* and *Shockwave.* A non-exhaustive list of Adobe's copyright registrations is attached hereto as Exhibit A ("Adobe's Copyrights").

10.     Products manufactured and sold by Adobe bear Adobe's trademarks, including without limitation, the ADOBE, ACROBAT, CREATIVE SUITE, DREAMWEAVER, FLASH, ILLUSTRATOR, MACROMEDIA, PAGEMAKER, PHOTOSHOP, POSTSCRIPT, READER and SHOCKWAVE trademarks (collectively "Adobe's Trademarks"). Adobe uses Adobe's Trademarks on computer software as indicia of Adobe's high quality products. Each year Adobe expends significant resources to develop and maintain the considerable goodwill it enjoys in Adobe's Trademarks and in its reputation for high quality.

11.     Adobe has secured registrations for Adobe's Trademarks, all of which are valid, extant and in full force and effect. Adobe's Trademarks are exclusively owned by Adobe. A non-exhaustive list of Adobe's trademark registrations is attached hereto as Exhibit B. Adobe, or its predecessors in interest, has continuously used each of Adobe's Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

12.     As a result of advertising and sales, together with longstanding consumer acceptance, Adobe's Trademarks identify Adobe's products and authorized commercial distribution of these products. Adobe's Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world. Adobe's Copyrights and Adobe's Trademarks are collectively referred to herein as "Adobe's Intellectual Properties."

**B.     Defendants**

13.     Defendant Jonathan Dracup ("JD") is an individual and doing business as www.buycheapsoftware.com. Adobe is informed and believes that JD is a resident of Los Angeles, California. JD transacts business as BuyCheapSoftware, Buy Cheap Software, Inc., Softman Products, LLC a/k/a Softman Products Company, LLC and www.buycheapsoftware.com, and does business in California through sales and distribution of the Unauthorized Software Product in the State of California, among other places. Adobe is informed and believes JD knew or had reason to know of the infringing activity and materially contributed to or induced the infringing activity. Adobe is further informed and believes that JD profited directly from the infringing activity alleged herein, had the right and ability to supervise or control the infringing activity, and failed to exercise that right and ability.

1        14.     Defendant Heather Dracup ("HD") is an individual and doing business as www.buycheapsoftware.com.  Adobe is informed and believes that HD is a resident of Los Angeles, California.  HD transacts business as BuyCheapSoftware, Buy Cheap Software, Inc., Softman Products, LLC a/k/a Softman Products Company, LLC and www.buycheapsoftware.com, and does business in California through sales and distribution of the Unauthorized Software Product in the State of California, among other places.  Adobe is informed and believes HD knew or had reason to know of the infringing activity and materially contributed to or induced the infringing activity.  Adobe is further informed and believes that HD profited directly from the infringing activity alleged herein, had the right and ability to supervise or control the infringing activity, and failed to exercise that right and ability.

        15.     Defendant Buy Cheap Software, Inc. ("BCSI"), upon information and belief, exists under the laws of the State of California and is duly authorized to do business in the State of California, with its principal place of business in Los Angeles, California.  BCSI transacts business as www.buycheapsoftware.com and does business in California through sales and distribution of the Unauthorized Software Product in the State of California, among other places.

        16.     Defendant Softman Products, LLC a/k/a Softman Products Company, LLC ("Softman"), upon information and belief, exists under the laws of the State of California and is duly authorized to do business in the State of California, with its principal place of business in Los Angeles, California.  Softman transacts business as www.buycheapsoftware.com and does business in California through sales and distribution of the Unauthorized Software Product in the State of California, among other places.

        17.     Upon information and belief, Does 1 – 10 are either entities or individuals who are subject to the jurisdiction of this Court.  Upon information and belief, Does 1 – 10 are principals, supervisory employees, or suppliers of one or other of the named defendants or other entities or individuals who are, in this judicial district, manufacturing, distributing, selling and/or offering for sale merchandise without authorization that infringes Adobe's Intellectual Properties.  The identities of the various Does are unknown to Adobe at this time.  The Complaint will be amended to include the names of such individuals when identified.  JD, HD, BCSI, Softman and Does 1 – 10 are collectively referred to herein as "Defendants."

**V.    Defendants' Infringing Activities**

18.     Defendants use, among other things, the Website to sell and distribute unauthorized, restricted copies of Adobe Software to consumers.  Through such active purchasing, distributing, offering of sale and selling such unauthorized software, Adobe is irreparably damaged through consumer confusion of its Intellectual Properties.

19.     Adobe has not authorized Defendants or their agents to make or distribute copies of the Adobe Software.  Indeed, Adobe has not licensed Defendants to distribute its software, period.

20.     Defendants also use images confusingly similar or identical to Adobe's Trademarks, to confuse consumers and aid in the promotion of their unauthorized products.  Defendants' use of Adobe's Trademarks includes importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of the Adobe Software.   Defendants' use began long after Adobe's adoption and use of Adobe's Trademarks, and after Adobe obtained the copyright and trademark registrations alleged above.  Neither Adobe nor any authorized agents have consented to Defendants' use of the Adobe Trademarks.

21.     Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the unauthorized copies of the Adobe Software offered, sold and distributed by Defendants.  By their wrongful conduct, Defendants have traded upon and diminished Adobe's goodwill.

## FIRST CLAIM FOR RELIEF
### (For Copyright Infringement)

22.     Adobe repeats and realleges all of the allegations contained in paragraphs 1 through 21, inclusive, as though set forth herein in full.

23.     As alleged herein, Defendants' activities infringe valid and effective copyrights registered by Adobe, and induce, cause, and materially contribute to infringement.  Defendants' infringement was willful.

24.     Adobe has suffered and continues to suffer direct and actual damages as a result of Defendants' infringing conduct.  The full extent of such damages, including profits by Defendants, will be determined following the accounting by Defendants pursuant to 17 U.S.C. § 504.  Prior to final judgment Adobe may elect to recover statutory damages of up to $150,000 for each of Adobe's Copyrights infringed, as an alternative to actual damages and profits.

25.     Adobe has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts.  Unless enjoined by the Court,

Defendants' infringing activity will continue, with attendant irreparable harm to Adobe. Accordingly, Adobe seeks injunctive relief pursuant to 17 U.S.C § 502 and seizure of unauthorized copies of the Adobe Software, including the means of production as provided by 17 U.S.C. § 503.

26.     By reason of the foregoing, Adobe has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims.  Adobe is entitled to recover its fees and costs from the Defendants, and each of them, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF

### (For Trademark Infringement)

27.     Adobe repeats and realleges all of the allegations contained in paragraphs 1 through 21, inclusive, as though set forth herein in full.

28.     Defendants' manufacture, importation, advertisement, display, promotion, marketing, distribution, sale and/or offer for sale of the unauthorized copies of the Adobe Software is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of the Unauthorized Software Product by Adobe.  Such confusion, mistake and deception is aggravated by the use of Adobe's Trademarks on the Unauthorized Software Product in the same type of goods made, imported and sold by or under authority of Adobe.

29.     Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Adobe enjoys in connection therewith, with intent to confuse, mislead and deceive the public into believing that the unauthorized copies of the Adobe Software was made, imported and sold by Adobe, or are in some other manner, approved or endorsed by Adobe, and have caused the entry of such unauthorized copies into interstate commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Adobe.

30.     Adobe has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Adobe will require an accounting from each Defendant of all monies generated from the manufacture, importation, distribution and/or sale of the Unauthorized Software

Product as alleged herein. In the alternative, Adobe may elect to recover statutory damages pursuant to 15 U.S.C. § 1117 (c).

31.     Adobe has no other adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts of infringement. Adobe is informed and believes, and upon that basis alleges, that, unless enjoined by the Court, the unlawful infringement will continue with irreparable harm and damage to Adobe. Accordingly, Adobe seeks and requests preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

32.     By reason of the foregoing, Adobe has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims herein, which attorneys' fees and costs Adobe is entitled to recover from Defendants, and each of them, pursuant to 15 U.S.C. § 1117 (c).

## PRAYER FOR RELIEF

WHEREFORE, Adobe asks this Court to order:

A.     That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1) Directly or indirectly infringing Adobe's Intellectual Properties in any manner, including generally, but not limited to, reproduction, manufacture, importation, distribution, advertising, selling and/or offering for sale any merchandise which infringes said Adobe's Intellectual Properties, and, specifically:

2) Reproducing, importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Software Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Adobe's Intellectual Properties;

3) Reproducing, importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Adobe's Intellectual Properties;

4) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants, or Defendants

themselves are connected with Adobe, are sponsored, approved or licensed by Adobe, or are in some way affiliated with Adobe;

5) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Adobe;

6) Otherwise competing unfairly with Adobe in any manner;

7) Destroying or otherwise disposing of

    a.   Merchandise falsely bearing Adobe's Intellectual Properties;

    b.   Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Adobe's Intellectual Properties;

    c.   Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Adobe's Intellectual Properties;

    d.   Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Adobe's Intellectual Properties;

    e.   Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of Unauthorized Software Product;

B.    That Adobe and its designees are authorized to seize the following items which are in Defendants' possession, custody or control:

1) All Unauthorized Software Product;

2) Any other unauthorized product which reproduces, copies, counterfeits, imitates or bear any of the Adobe's Intellectual Properties, or any part thereof;

3) Any molds, screens, patterns, plates, negatives, machinery or equipment, specifically including computers, servers, optical disc burners and other hardware used for making or manufacturing Unauthorized Software Product or unauthorized product which reproduces, copies, counterfeits, imitates or bears any of the Adobe's Intellectual Properties, or any part thereof.

1        C.     That those Defendants infringing upon Adobe's Intellectual Properties be required

2 to pay actual damages increased to the maximum extent permitted by law and/or statutory damages

3 at Adobe's election;

4        D.     That actual damages be trebled pursuant to 15 U.S.C. § 1117;

5        E.     That Defendants account for and pay over to Adobe all damages sustained by Adobe

and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that

6 those profits be increased as provided by law;

7        F.     That Adobe recovers from Defendants its costs of this action and reasonable

8 attorneys' fees; and

9        G.     That Adobe has all other and further relief as the Court may deem just and proper

10 under the circumstances.

11 Dated: August 5, 2011           J. Andrew Coombs, A Professional Corp.

12

13 By: _____

                          J. Andrew Coombs

14                       Annie S. Wang

              Attorneys for Plaintiff Adobe Systems Incorporated

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Adobe Systems Incorporated

hereby demands a trial by jury of all issues so triable.

Dated: August __, 2011                    J. Andrew Coombs, A Professional Corp.

                                          By: _____
                                                J. Andrew Coombs
                                                Annie S. Wang
                                          Attorneys for Plaintiff Adobe Systems Incorporated